## W. B. DYER, *et al., vs.* THE "IVANHOE."

### April 13, 1904.

*Admiralty.—Liability of Ship where Cruel Treatment of Crew by Mate Is Known to Master:* A master of a ship being cognizant of cruel treatment of some of the crew by the mate, and failing to protect them therefrom, the ship is liable.

*Same.—Condonation of Cruel Treatment:* One of the libellants failing to complain of such cruel treatment to the British Consul at the first port reached by the ship.—a British vessel, after such treatment, is deemed to have condoned the same as affecting his contract of hiring, and has no legal claim for damages.

*Same.—Termination of Contracts of Crew by Reason of Cruel Treatment:* The contracts of other libellants were terminated by reason of such cruel treatment upon their election to leave the vessel.

*Same.—Disrating:* The disrating of two of the libellants, by the master, justified. but they were entitled to wages of ordinary seamen.

In Admiralty: Libel *in Rem* for Damages for Cruel Treatment.

A. S. Humphreys, A. H. Crook and J. J. Dunne, Proctors for Libellants.

Holmes & Stanley, Proctors for Libellee.

DOLE, J. This is a libel *in rem* for damages in the nature of wages for cruel treatment of the libellants by the officers of the British bark "Ivanhoe," the libellee. The master, George W. Grant, intervened for the owners and filed his answer.

Upon the evidence received in the trial of this case, and the law applicable thereto, the court finds as follows:

The charge of cruel treatment of the libellants by the first mate is sustained by the evidence. The master was cognizant of such treatment of the libellants by his subordinate officer, and failing to protect them therefrom, the ship is liable.

The libellant J. H. Bayer failed to complain of the mate's conduct at Iquique, the first port reached by the vessel, after the beginning of the voyage and where there was a British Consul: he is therefore deemed to have condoned the same as it affects his contract of hiring and employment on the said vessel, and has no legal claim for damages in this court.

The contracts of hiring and employment of W. B. Dyer, A. Anderson and V. A. Bitner on the same vessel were terminated by reason of such cruel treatment upon their election to leave the vessel at Honolulu.

The disrating of W. B. Dyer and A. Anderson on the voyage by the master was justifiable, but they should have been allowed the regular wages of ordinary seamen thereafter.

The court awards to W. B. Dyer, A. Anderson and V. A. Bitner, as damages, wages of ordinary seamen employed for the same voyage, to-wit: three pounds and ten shillings, sterling, a month, from June 26th, 1903, the date of the beginning of the voyage, to March 28th, 1904, the probable termination of the voyage as testified to by the master, subject only to the charges against them individually on account of supplies received from the ship's slop-chest, according to the following statement, with costs. The libel as to J. H. Bayer is dismissed with costs to the libellee.

## Statement.

Wages at three pounds ten shillings per month and exchange at $4.83 makes the rate of wages in United States coin $16.90 per month.

Full amount of wages due each of the above named libellants $153.22.

W. B. Dyer—Wages .............................$153.22
    Less slop-chest account ...................... 10.70

    Net amount of judgment ....................$142.52
A. Anderson—Wages ...........................$153.22
    Less slop-chest account ...................... 12.25

    Net amount of judgment ....................$140.97
V. A. Bitner—Wages ...........................$153.22
    Less slop-chest account ...................... 9.25

    Net amount of judgment ....................$143.97
      Total . ...............................$427.46